UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MALIK WADE,                                                              Civil Action No.

                             Plaintiff,

  -against-

JBL CABLE SOLUTIONS, INC. and JONATHAN
B. LURIE,

                            Defendants.
-----------------------------------------------------------------X

## COMPLAINT

      Plaintiff, Malik Wade, as and for his Complaint against Defendants, JBL Cable Solutions, Inc. and Jonathan B. Lurie, ("Defendants") respectfully alleges as follows:

### JURISDICTION AND VENUE

      1.     Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief.

      2.     Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

      3.     The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

      4.     Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.  Plaintiff, Malik Wade ("Plaintiff"), was employed by Defendants as a Tech from on or about 2011 to on or about May 2016.

6.  Defendant JBL Cable Solutions, Inc. ("JBL") is a domestic corporation duly organized and existing under the laws of the State of New York.

7.  At all relevant times, Defendant Jonathan B. Lurie ("Lurie") was an officer of JBL. Upon information and belief, at all times relevant, Lurie exercised operational control over JBL, controlled significant business functions of JBL, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of JBL in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Lurie has been an employer under the FLSA and the New York Wage and Hour Law.

## FACTS

8.  From approximately 2011 to May 2016, Plaintiff worked as a Tech for the Defendants doing cable installations, internet installations, and phone installations.

9.  During this time, Plaintiff generally worked 5 days a week with Wednesday and Sunday being his days off.

10.  During this time, Plaintiff was sometimes called in to work 6 and sometimes 7 days a week depending on how busy defendants were.

11.  During this time, Plaintiff generally started his shift at 7:00 a.m. each day.

12.  During this time, Plaintiff did numerous installations each day with his day ending at approximately 6:00 p.m. and sometimes later.

13.  During this time, Plaintiff did not take any uninterrupted meal breaks.

14. During this time, Plaintiff was paid on a piece rate basis.

15. During this time, Plaintiff was paid $3.26 a point for residential installations he completed and $5.90 a point for commercial installations he completed.

16. During this time, each installation that Plaintiff had completed had a pre-determined amount of points assigned to it by the Defendants.

17. During this time, Plaintiff worked 55 hours when he worked 5 days a week.

18. During this time, Plaintiff worked 66 hours when he worked 6 days a week.

19. During this time, Plaintiff worked 77 hours when he worked 7 days a week.

20. Defendants have records of all of the cable installations that Plaintiff performed for each day of his employment.

21. Defendants records will show the amount of days that Plaintiff worked each week of his employment.

22. During Plaintiff's employment, Plaintiff was not paid overtime compensation by the Defendants.

23. During this time, Defendants did not pay Plaintiff one and a half times his regular rate of pay when he worked more than 40 hours each week.

24. During the first 4 ½ years of Plaintiff's employment, Defendants had no time keeping system in place to record the hours that the Plaintiff worked.

25. In the middle of 2014, Defendants implemented a time keeping system because they were sued in a FLSA case, but still failed to maintain accurate time records for the hours that the Plaintiff worked once such system was put in place.

26. During Plaintiff's employment, Defendants managed Plaintiff's employment, including the amount of overtime worked.

27. During this time, Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

28. During this time, Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled for this work time under the law.

29. During this time, Defendants did not pay Plaintiff a guaranteed weekly salary.

30. During this time, Plaintiff was not exempt from the overtime provisions of the FLSA and/or NYLL.

31. Defendants' failures to pay proper wages in a timely manner were made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## 29 U.S.C. §201 ET SEQ.
## FAILURE TO COMPENSATE FOR OVERTIME

32. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

33. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

34. The corporate Defendant was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

35. Upon information and belief, the gross annual volume of sales made or business done by the corporate Defendant for the years 2015, 2014, and 2013 was not less than $500,000.00.

36. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

37. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

38. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay the Plaintiff overtime compensation as required by the FLSA.

39. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

40. However, none of the Section 13 exemptions apply to the Plaintiff because he has not met the requirements for coverage under the exemptions.

41. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

42. Defendants have not acted in good faith with respect to the conduct alleged herein.

43. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### VIOLATION OF THE NEW YORK LABOR ARTICLE 6 AND 19
### FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW

44. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

45. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

46. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

47. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Articles.

48. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty hours a week for Defendants.

49. Plaintiff is not exempt from the overtime provisions of the New York Labor Articles, because he has not met the requirements for any of the reduced number of exemptions available under New York law.

50. Defendants have acted willfully and have either known that their conduct violated the New York Labor Articles or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Articles. Defendants have not acted in good faith with respect to the conduct alleged herein.

51. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that the Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff;

2. Willfully violated overtime provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime wages to Plaintiff;

4. Willfully violated the overtime wages of the NYLL.

B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C. Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

D. Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL; and

E. Provide such further relief as the Court deems just and equitable.

Dated: Westbury, New York
July 27, 2016

Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq.
Attorneys for the Plaintiff
900 Merchants Concourse, Suite 314
Westbury, New York 11590
(516) 228-5100

## FAIR LABOR STANDARDS ACT CONSENT

1. I consent to be a party plaintiff in a lawsuit against JBL CABLE SOLUTIONS, INC. and JONATHAN B. LURIE, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

2. By signing and returning this consent form, I hereby designate Neil H. Greenberg & Associates, P.C., ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, wether it is favorable or unfavorable.

_____
Signature

- 1 -